UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SCOTT SWAIN,                    :
                                :
plaintiff,                      :
                                :
V.                              :     CASE NO. 3:20-CV-00059(JCH)
                                :
CONNECTICUT                     :
LEGLISLATIVE LAW                :
REVISION COMMISSION             :
ET AL,                          :
                                :
        defendants.             :


RECOMMENDED RULING

        Plaintiff, Scott Swain, brings this action against the

Connecticut Legislative Law Revision Commission [sic]

(hereinafter "Commission"), members of the State House of

Representatives, members of the State Senate, Connecticut

Attorney General Blumenthal and successors, Justices of the

Connecticut Supreme Court, the Chief Public Defender and

Successors and Services Commission.  Plaintiff alleges that

defendants enacted and then failed to remove Connecticut House

Bill No. 5554 governing Habeas Corpus Business in Connecticut.

(Dkt. #1 at 5-7.)  He alleges that the House Bill limits "all

Habeas Corpus business into G.A. 19 known as Rockville Superior

Court" thereby causing him to suffer fourteen years of delay.

(Dkt. #1 at 5-6).  Plaintiff alleges the defendants have

violated Article I, Section 9, clause 2 of the U.S. Constitution

and the Connecticut Constitution. (Dkt. #1 at 5).

1

Plaintiff further alleges that the Justices of Connecticut Supreme Court and the Chief Public Defender and the Successors and Services Commission failed to challenge the law as an unconstitutional violation of his due process rights.  (Dkt. #1 at 6.)

Plaintiff also alleges that post-conviction representation is subject to attorneys who are under state contract and who are involved in other areas of law and have little or no experience with post-conviction law or procedure. (Dkt. #1 at 6).

Based on the financial information submitted, plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was granted by the Honorable William I. Garfinkel on January 16, 2020.  (Dkt. #7).  Thereafter, on May 8, 2020, the Honorable Janet C. Hall referred this matter to the undersigned for an initial review of the complaint pursuant to 28 U.S.C. § 1915.  (Dkt. #11).  The undersigned recommends that the action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. Legal Standard

28 U.S.C. § 1915, which governs *in forma pauperis* status, allows the court to review and dismiss the underlying action, if necessary.  Under subsection (e) a court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."  28 U.S.C.
§ 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Under 1915(e), an action is frivolous, "if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'"  Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke, 490 U.S. at 327).  The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke, 490 U.S. at 325.  An action fails to state a claim to relief if it lacks

> sufficient factual matter, accepted as true, to state a
> claim to relief that is plausible on its face . . . . A
> claim has facial plausibility when the plaintiff pleads
> factual content that allows the court to draw the
> reasonable inference that the defendant is liable for
> the misconduct alleged . . . . The plausibility standard
> is not akin to the probability that a defendant has acted
> unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Because "most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe pro se complaints liberally."  Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000).  Therefore, pro se complaints "are held to less stringent standards than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9 (1980)( internal citation and quotation marks omitted).  "In evaluating [a

3

plaintiff's] complaint, [the court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." Cruz v. Gomez, 202 F.3d 593, 596-97 (2d Cir. 2000).

## II. Discussion

### A. Claims against the Commission, State Representatives, and State Senators

Plaintiff alleges that the Commission, members of the State House of Representatives, members of the State Senate, Attorney General Blumenthal[1] and his successors, enacted House Bill No. 5554 governing Habeas Corpus Business in Connecticut. (Dkt. #1 at 5.) Plaintiff asserts that the Bill limits all habeas corpus business into Rockville Superior Court, thereby limiting the number of judges reviewing habeas corpus claims and causing a delay in due process. (Dkt. #1 at 5-6.) Regardless of the merits, plaintiff's claims against the Commission, members of the State House of Representatives, and State Senators are barred by legislative immunity.

"It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998). Immunity extends to state

---

[1] United States Senator Richard Blumenthal is the former Attorney General of the State of Connecticut. William Tong is the current Attorney General of Connecticut. As discussed later, the Court will assume plaintiff meant to name Attorney William Tong as a defendant.

4

Case 3:20-cv-00059-JCH   Document 12   Filed 09/16/20   Page 5 of 19

executive branch officials when they perform a legislative function.  Id. at 55.  "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."  Id. at 54.  "Any activity that is in the sphere of legitimate legislative activity is a legislative act."  Abbey v. Rowland, 359 F. Supp. 2d 94, 99 (D. Conn. 2005)(citing Bogan, 523 U.S. at 55).

There can be no activity more related to legislative function than proposing and enacting legislation.  The Commission, members of Connecticut House of Representatives, and State Senators were acting in the sphere of legitimate legislative activity when they enacted Conn. Gen. Stat. §52-470 and Public Act 12-115 via Connecticut House Bill No. 5554.  As a result, they are entitled to legislative immunity and plaintiff's claims against them should be dismissed.

   B. Claims against Connecticut Supreme Court Justices

Plaintiff asserts that the justices of the Connecticut Supreme Court should have rejected the Connecticut Legislature's attempt to enact the House Bill and / or should have invalidated the legislation after it was enacted. (Dkt #1, at 6).  Plaintiff alleges that the Connecticut Supreme Court's failure to take such action caused a denial of his due process rights.  (Dkt. #1 at 6).

Although plaintiff seeks declaratory and injunctive relief, (Dkt. #1 at 7), his claims are barred by the text of 42 U.S.C. §1983. Section 1983 provides that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §1983. Plaintiff does not allege that any justice of the Connecticut Supreme Court or any judge of the Connecticut Superior Court violated a declaratory decree or that such relief is unavailable.[2] Thus, plaintiff's claims for injunctive relief are barred by §1983 and should be dismissed. Cinotti v. Adelman, 709 Fed. Appx. 39, 41 (2d Cir. 2017).

Plaintiff's claims for declaratory relief are similarly barred as §1983 only provides for prospective declaratory relief. Heinfling v. Tolub, No. 99-7351, 199 F.3d 1322 (2d Cir. Oct. 27, 1999); see also Deem v. DiMella-Deem, No. 18-CV-11889 (KMK), 2018 U.S. Dist. LEXIS 124672, at *8 n.4 (S.D.N.Y. July 24, 2018)("The amendment to §1983, allowing for injunctive relief against a judge only if a state-court declaratory decree

---

[2]Although the complaint names the "Connecticut Supreme Court Justices" as defendants (Dkt. #1 at 1 and 3), the complaint, at times, appears to suggest that it is intended to include Superior Court judges as well. See Dkt. #1 at 3 ("Supreme Judicial Court Justices and or Magistrates"); Dkt. #1 at 5-7. Assuming plaintiff intended to include Superior Court judges, the same reasoning applies to those individuals as well.

was violated or state-court declaratory relief is unavailable,
precludes Plaintiff from seeking injunctive and declaratory
relief against Judge Gordon-Oliver."). Plaintiff has failed to
allege any involvement by any justice of the Connecticut Supreme
Court or any judge of the Connecticut Superior Court in the
enactment or enforcement of Conn. Gen. Stat. §52-470 or Public
Act 12-115. In fact, plaintiff asserts that the House Bill has
limited the role of the Connecticut judiciary and has delayed
his habeas actions in violation of his rights. (Dkt. #1 at 5-
6). Since plaintiff cannot demonstrate that any member of the
Connecticut judiciary is involved in an ongoing violation of his
constitutional rights, any claim for prospective declaratory
relief is similarly barred. Heinfling, 199 F.3d 1322 ("Mr.
Heinfling is no longer before Judge Tolub, and his claim for
prospective declaratory relief regarding any future violation is
now moot, as there is neither any alleged ongoing deprivation of
Heinfling's constitutional rights, nor an allegation that such a
deprivation is imminent.")

All claims against the Connecticut judiciary, including the
Supreme Court Justices, should be dismissed as plaintiff's
claims are barred by 42 U.S.C. §1983.

C. Claims against the Chief Public Defender and Successors
and Services Commission.

Plaintiff alleges ineffective assistance of counsel by the
Chief Public Defender and the Successors and Services Commission

for allowing constitutional violations to occur since the
enactment of Connecticut House Bill No. 5554. (Dkt. #1 at 6 at
¶2 and 9).

"To succeed on a claim of ineffective assistance of
counsel, a petitioner must demonstrate that: (1) 'counsel's
representation fell below an objective standard of
reasonableness,' and (2) 'there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.'" United States v. Braun,
No. 10-CR-433 (KAM), 2019 WL 7049987, at *4 (E.D.N.Y. Dec. 23,
2019)(quoting Strickland v. Washington, 466 U.S. 668, 688, 694
(1984)).

In his complaint, plaintiff asserts that

the Chief Public Defender and successors and the Service
Commission are responsible for the adequate and
effective representation of its assigned indigent
prisoners, and to appoint effective counsel and or a
Special Public Defender have appointed counsel both,
under contract and not under contract, by the State of
Connecticut, that have indeed allowed the State to
commit the ongoing Federal and State Constitutional
Violations (as claimed or depicted in this section), and
against the plaintiff.  The plaintiff has suffered 14
years so far.  This claim (issues grounds and facts),
presented in this Civil Rights action are obvious and
are fundamental and to the character [sic] and
protection of the Federal and state Constitution and in
addition, unto the initial adoption of Habeas Corpus
business in America; and unto the State of Connecticut
"the Constitution State.

(Dkt. #1 at 9)(emphasis in original).

Plaintiff further alleges that his pending habeas corpus
has been a Herculean task

> due to the state of Connecticut's appointment of counsel
> to the indigent Plaintiff. The case involves trial
> counsel's failure to obtain an expert in DNA forensic
> science and to utilize that expert regarding DNA
> discoveries implicating a third party culprit in each of
> three (3) informations filed against this plaintiff and
> in another Medical scientific Expert to proffer
> exculpatory medical scientific evidence. In a fourth
> case for failure to obtain and recognize evidence in the
> prosecutor's file that reveals a third party culprit
> document that implicates him directly as the culprit..
> . . Last, for failure to obtain an expert in crime scene
> science and forensics as in two cases no tire treads nor
> tracks existed in the dirt road crime scene that would
> otherwise provide proof that someone drove into that
> dirt road and committed the crime. . . . On habeas that
> counsel failed to raise the claims necessary for the
> adequate and necessary review and decision on habeas
> number 1, that would otherwise protect the habeas corpus
> rights both statutory and constitutional. [For example,
> if the trial counsel was effective the jury or court in
> each case would have been left with scientific evidence
> DNA identification evidence that would prevent (a) the
> cases from going to a jury trial against the accused
> (this plaintiff), (b) from convicting the accused at a
> jury trial. . . .
>
> Lastly, amongst other claims, there was perjury
> proffered and not corrected. . . by the only witness
> that could link the plaintiff to the case in three cases,
> and said victim witnesses were "heroin addicted
> prostitutes" who also received deals on major felonies
> during the time the plaintiff was accused by their
> identification of this plaintiff albeit he did not meet
> the age no descriptions given by them. Nor did his
> vehicles and one cleared by State Police Forensics and
> those documents still withheld.

(Dkt. #1 at 10-11).

As noted above, plaintiff's complaint specifically states
that he has a pending habeas action, characterizing it as

Herculean task.[3] (Dkt. #1 at 10).  The Court takes judicial
notice of the fact that, according to the website for the State
of Connecticut Judicial Branch, plaintiff has an action pending
in Connecticut superior Court which is captioned Scott Swain v.
Warden, State Prison, TSR-CV-14-4006526-S.  The Court takes
judicial notice that it is a habeas action which is still
pending.  As a result, plaintiff's claim for ineffective
assistance is barred by the Younger abstention doctrine.  See
Younger v. Harris, 401 U.S. 37, 43-44 (1971).

    The Younger abstention doctrine "requires federal courts to
abstain from exercising jurisdiction over claims that implicate
ongoing state proceedings." Torres v. Gaines, 130 F. Supp. 3d
630, 635 (D. Conn. 2015)(Bryant, J.).  The doctrine "applies if
the federal action involves ongoing: (1) 'state criminal
prosecutions'; (2) 'civil proceedings that are akin to criminal
prosecutions'; or (3) civil proceedings that 'implicate a
State's interest in enforcing the orders and judgments of its
courts.' Torres, 130 F. Supp. 3d at 636 (quoting Sprint
Comm'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)).  In this
instance, the federal action involves an ongoing civil

---

[3] The complaint also asserts that plaintiff has suffered 14 years of
delay regarding his habeas corpus business. (Dkt. #1 at 6). The
complaint asks the Court to order "the plaintiff's active habeas
petition be transferred to the Superior Court where he was convicted
and sentenced" and for plaintiff to receive effective assistance of
counsel. (Dkt. #1 at 10)(emphasis added).

proceeding that implicates the state's interest in enforcing the orders and judgments of its courts.

"Younger abstention is mandatory when three conditions are met: '(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.'" Zahl v. Kosovsky, No. 08 CIV. 8308 LTS THK, 2011 WL 779784, at *8 (S.D.N.Y. Mar. 3, 2011)(quoting Spargo v. NY State Commission on Judicial Conduct, 351 F.3d 65, 75 (2d. Cir. 2003), aff'd, 471 F. App'x 34 (2d Cir. 2012).

Applying these three factors, plaintiff's complaint makes clear that there is a pending habeas action in state court. (Dkt. #1 at 6 and 10).  Second, the habeas action implicates an important state interest.  See Younger v. Harris, 401 U.S. at 43-44; Hansel v. Town Court for Town of Springfield, NY, 56 F.3d 391, 393 (2d. Cir. 1995)("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one.").  Third, the state court habeas action, which plaintiff initiated, affords him an adequate opportunity for judicial review of his constitutional claims.[4]

---

[4] Plaintiff's complaint states that in his habeas corpus proceedings, he has claimed that "he is entitled to relief as a result of his Pleadings, Claims, Issues and Facts and Grounds in Support thereof including both State and Federal Constitutional Violations and Evidentiary issues rising to Constitutional level." (Dkt. #1 at 6).

*See* Hansel, 56 F.3d at 394 (2d Cir. 1995)("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for Younger purposes."); Cullen v. Fliegner, 18 F.3d 96, 103 (2d Cir. 1994)("ordinarily a state proceeding provides an adequate forum for the vindication of federal constitutional rights.").

Plaintiff asks the court to order a temporary injunction on habeas corpus business in Rockville Superior Court and to "[o]rder a Temporary Injunction preventing the appointment of Attorneys under State Contract." (Dkt. #1 at 7).[5]  He also asks the Court to order the State of Connecticut's Chief Public Defender to take on plaintiff's pending habeas action in order to ensure that plaintiff receives Constitutionally effective representation.  (Dkt. #1 at 7).  "In *Younger v. Harris,* the United States Supreme Court reminded lower federal courts that it had 'repeat[ed] time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.'" Zahl, 2011 WL 779784, at *8 (S.D.N.Y 2011)(quoting Younger v. Harris, 401 U.S. 37, 45 (1971).

---

[5] After the habeas action in state court has concluded and plaintiff has exhausted his appeals and/or other state court collateral proceedings, he may then seek federal habeas relief pursuant to 28 U.S.C. § 2254.

> Younger generally prohibits courts from "taking
> jurisdiction over federal constitutional claims that
> involve or call into question ongoing state proceedings"
> so as to avoid unnecessary friction. Giving states "the
> first opportunity . . . to correct their own mistakes"
> when there is an ongoing state proceeding serves the
> vital purpose of "reaffirm[ing] the competence of the
> state courts," and acknowledging the dignity of states
> as co-equal sovereigns in our federal system.

Spargo, 351 F.3d 65, 75 (2d Cir. 2003)(quoting Diamond "D"

Constr. v. McGowan, 282 F.3d 191, 198 and 200 (2d Cir. 2002)).

More generally, plaintiff alleges that the Chief Public

Defender and the Successors and Services Commission allowed

constitutional violations to occur since the enactment of the

Connecticut House Bill. (Dkt. #1 at 5-6).

"One who seeks to initiate or continue proceedings in

federal court must demonstrate, among other requirements, both

standing to obtain the relief requested, . . . and, in addition,

an 'ongoing interest in the dispute' on the part of the opposing

party that is sufficient to establish 'concrete adverseness.'"

Bond v. United States, 564 U.S. 211, 217 (2011)(quoting Camreta

v. Greene, 563 U.S. 692, 701 (2011) (internal quotation marks

omitted)) (internal citation omitted).  A "plaintiff generally

must assert his own legal rights and interests and cannot rest

his claim to relief on the legal rights or interests of third

parties."  Warth v. Seldin, 422 U.S. 490, 499 (1975).

"Individuals have 'no standing to complain simply that

their Government is violating the law.'"  Bond, 564 U.S. at 225

(quoting <u>Allen v. Wright</u>, 468 U.S. 737, 755 (1984) overruled on other grounds in <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 134 S.Ct. 1377 (2014)).  "If, in connection with the claim being asserted, a litigant who commences suit fails to show actual or imminent harm that is concrete and particular, fairly traceable to the conduct complained of, and likely to be redressed by a favorable decision, the Federal Judiciary cannot hear the claim." <u>Bond</u>, 564 U.S. at 225.  "The requirement of standing. . . has a core component derived directly from the Constitution.  A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  <u>Id.</u>

The Chief Public Defender and the Successors and Services Commission cannot vicariously challenge state law in the interest of justice.  As with all claims, a plaintiff who was harmed must be named and be part of the suit.  Contrary to plaintiff's assertion, the Chief Public Defender and the Successors and Services Commission are not permitted to "complain simply that their Government is violating the law." <u>Bond</u>, 564 U.S. at 225.  As such, absent additional allegations, plaintiff's claims against the Chief Public Defender and the Successors and Services Commission should be dismissed.

14

D. Claims against Connecticut Attorney General Blumenthal and successors

Plaintiff alleges that the enactment of the Connecticut House Bill violated his due process rights by limiting the number of judicial officers who can handle habeas corpus claims. (Dkt. #1 at 5-6.)  Plaintiff names former Connecticut Attorney General Richard Blumenthal as a defendant.[6] (Dkt. #1 at 1.)  The Court will construe the complaint in the light most favorable to the plaintiff and assume that plaintiff is addressing his complaint to the current Connecticut Attorney General William Tong.[7]

As noted above, plaintiff asserts that Connecticut House Bill No. 5554 violates his due process rights by limiting the number of judges handling habeas corpus claims "by limiting all Habeas Corpus Business into G.A. 19 . . . Rockville Superior Court."  (Dkt. #1 at 5.)

---

[6] Senator Blumenthal served as the Attorney General for the State of Connecticut through 2011.

[7] The *Ex Parte Young* doctrine requires that "the state officer against whom a suit is brought 'must have some connection with the enforcement of the act' that is in continued violation of federal law. . . . So long as there is such a connection, it is not necessary that the officer's enforcement duties be noted in the act."  Dairy Mart Convenience Stores, Inc. v. Nicke, 411 F.3d 367, 372-373 (2d Cir. 2005)(internal citations omitted). The Court does not examine whether the Eleventh Amendment bars plaintiff's claims against Connecticut Attorney General William Tong because the Court has determined plaintiff's claims are frivolous and should be dismissed.

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actor and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest.  <u>See</u> <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101–02 (2d Cir. 2010).

The United States Supreme Court has established a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints.  A complaint must allege enough facts — as distinct from legal conclusions — that give rise to plausible grounds for relief.  <u>See</u>, <u>e.g.</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Notwithstanding the rule that a *pro se* complaint must be liberally construed, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard.  <u>See</u>, <u>e.g.</u>, <u>Fowlkes v. Ironworkers Local 40</u>, 790 F.3d 378, 387 (2d Cir. 2015).

16

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). United States Supreme Court decisions

> Indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

House Bill No. 5554 proposed amendments to Conn. Gen. Stat. § 52-470 and the final version was enacted as Public Act 12-115.  While plaintiff challenges House Bill No. 5554 and Conn. Gen. Stat. § 52-470, any challenges to the proposed amendments are moot as the final amendments that were adopted were codified in Public Act 12-115.  Construing plaintiff's claims as asserting that Public Act 12-115 is unconstitutional, the Court must dismiss the claims as frivolous.  Construed liberally, plaintiff's complaint asserts that Public Act 12-115 limits the number of judges who may preside over habeas corpus claims "by limiting all habeas corpus business into G.A. 19 . . . . Rockville Superior Court," thereby delaying the judicial

process and thus violating plaintiff's due process rights.
(Dkt. #1, at 5.)

Public Act 12-115(g) requires the appellant in a habeas
corpus proceeding "petition[] the judge before whom the case was
tried or, if such judge is unavailable, a judge of the Superior
Court designated by the Chief Court Administrator."  Construing
plaintiff's complaint liberally, plaintiff asserts that this
provision caused a fourteen-year delay in his habeas corpus
claim.  (Dkt. #1, at 6.)  However, plaintiff does not allege any
facts or provide any explanation as to how or why this provision
caused a fourteen-year delay or what the fourteen-year delay
entailed.  Plaintiff merely states he suffered harm caused by
Public Act 12-115(g).  Such a conclusory allegation is
insufficient to meet the plausibility standard.  See <u>Ashcroft v.
Iqbal</u>, 556 U.S. 662, 678 (2009).  As such, plaintiff's claims
against Connecticut Attorney General William Tong must be
dismissed.

III. <u>Conclusion</u>

For these foregoing reasons the undersigned recommends that
plaintiff's complaint be dismissed as against the Connecticut
Legislative Law Revision Commission [sic], members of the State
Senate, members of the State House of Representatives, and
Justices of the Connecticut Supreme Court insofar as plaintiff's
claims are barred by legislative and judicial immunity.

Similarly, plaintiff's claims against Connecticut Attorney
General William Tong and the Chief Public Defender and
Successors and Service Commission should be dismissed for
failing to allege enough facts — as distinct from legal
conclusions — to give rise to plausible grounds for relief.
See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Any party may seek the district court's review of this
recommendation.  See 28 U.S.C. § 636(b) (written objections to
proposed findings and recommendations must be filed within
fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d)
& 72; Rule 72.2 of the Local Rules for Magistrate Judges; Thomas
v. Arn, 474 U.S. 140, 155 (1985).  Failure to file timely
objections to Magistrate Judge's recommended ruling waives
further review of the ruling.  Frank v. Johnson, 968 F.2d 298,
300 (2d Cir. 1992).

Dated this 16th day of September, 2020 at Hartford,
Connecticut.

                              _____/s/_____
                              Robert A. Richardson
                              United States Magistrate Judge